PEOPLE v HAMPTON (ON REMAND)

Docket No. 135039. Submitted November 30, 1990, at Lansing. Decided May 6, 1991, at 9:00 A.M. In lieu of granting leave to appeal, the judgment of the Bay Circuit Court is reinstated, 439 Mich 857.

Michael L. Hampton was convicted following a jury trial in the Bay Circuit Court, Eugene C. Penzien, J., of third-degree criminal sexual conduct. The defendant then pleaded guilty of being a third-time habitual offender. Following the decision in *People v Stoudemire*, 429 Mich 262 (1987), the defendant moved for resentencing as a second-time habitual offender on the ground that his two previous felony convictions arose out of a single criminal transaction and should be considered as only one conviction. The trial court denied the motion, and the defendant appealed. The Court of Appeals agreed with the defendant and reversed and remanded for resentencing as a second-time habitual offender. 184 Mich App 434 (1990). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of *People v Preuss*, 436 Mich 714 (1990). 436 Mich 883 (1990).

The Court of Appeals *held:*

The defendant's prior felony offenses occurred on the same date, within the same hour, and in adjacent buildings. Although the offenses were separate, they were related, occurred in spatial proximity, and were, essentially, part of a crime spree. Because multiple convictions arising out of a single incident may count as only a single prior conviction for purposes of the habitual offender statute, the defendant had only one prior felony conviction. The defendant may be charged only as a second-time habitual offender, and must be resentenced accordingly.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

Michael L. Hampton, in propria persona.

ON REMAND

Before: MICHAEL J. KELLY, P.J., and WAHLS and
SAWYER, JJ.

WAHLS, J. On January 3, 1986, following a jury
trial in the Bay Circuit Court, defendant was
convicted of third-degree criminal sexual conduct,
MCL 750.520d; MSA 28.788(4). Subsequently, de-
fendant pleaded guilty to a charge of being an
habitual offender, third offense, MCL 769.11; MSA
28.1083, and was sentenced to a term of eleven to
thirty years in prison. Defendant appealed his
criminal sexual conduct conviction, and we af-
firmed in an unpublished opinion per curiam.
*People v Hampton,* decided March 10, 1987
(Docket No. 90767). Following our Supreme Court's
decision in *People v Stoudemire,* 429 Mich 262; 414
NW2d 693 (1987), defendant filed a motion in the
trial court for resentencing as a second-time habit-
ual offender, MCL 769.10; MSA 28.1082. The Bay
Circuit Court denied defendant's motion for resen-
tencing, and defendant appealed that decision to
this Court. On July 2, 1990, we reversed the
circuit court's decision denying defendant's motion
for resentencing and determined that, pursuant to
*Stoudemire,* defendant had been convicted of only
one prior felony conviction and therefore should
have been charged and sentenced as a second-time
habitual offender. *People v Hampton,* 184 Mich
App 434; 459 NW2d 309 (1990).

On October 30, 1990, our Supreme Court vacated
our decision and remanded this case "for reconsid-
eration in light of *People v Preuss,* 436 Mich 714;
461 NW2d 703 (1990), in order to determine
whether, for purposes of the habitual offender
statute, the defendant's two prior felony convic-
tions may only be considered as one criminal

transaction, incident, or episode since the two offenses for which he was charged took place within moments of one another." 436 Mich 883 (1990). We answer that question affirmatively, and, once again, reverse the circuit court's decision denying defendant's motion for resentencing.

The facts surrounding defendant's prior convictions are not in dispute. Defendant was charged in separate informations with breaking and entering two adjacent commercial buildings within a one-hour period on August 21, 1969, MCL 750.110; MSA 28.305.

In *Preuss,* our Supreme Court held that the fourth-time habitual offender statute[1] does not require that a defendant's first, second, and third offenses be separated by intervening convictions or sentences. *Id.,* p 737. In that case, the defendant, who was convicted of breaking and entering, was charged with being a fourth-time habitual offender arising from three prior breaking and entering convictions. Although defendant was convicted of and sentenced for two of the earlier breaking and entering charges in the same proceeding, the offenses were separated by several days and occurred at separate locations. Although the Supreme Court did not squarely address the scope of a criminal "transaction," "incident," or "episode" for purposes of the fourth-time habitual offender statute, it concluded that "even under *Stoudemire's* same-incident test [the] defendant was properly convicted as a fourth offender . . . ." *Id.,* p 738. Further, the Court left open the question whether more closely related crimes would qualify as separate incidents or episodes.[2] Finally, our Supreme Court expressly declined to disturb the precise

---

[1] MCL 769.12; MSA 28.1084.

[2] See, *Preuss, supra,* p 738, n 27, which states, "The question whether more closely related crimes would qualify as separate incidents or episodes must await later case development."

holding in *Stoudemire*,[3] and stated that, "we believe there is sufficient indicia of legislative intent to support the narrow holding in *Stoudemire* that a defendant's prior offenses must arise from separate incidents. Therefore, although we no longer rely on much of the reasoning in *Stoudemire,* we do not overrule its holding." *Preuss, supra,* p 737.

Here, defendant's prior felony offenses occurred on the same date, within the same hour, and in adjacent buildings. Although the offenses were separate, they were related, occurred in spatial proximity, and were, essentially, part of a crime spree. In reliance on the precise holding in *Stoudemire, supra,* p 278, that "multiple convictions arising out of a single incident may count as only a single prior conviction for purposes of the [habitual offender] statute," we conclude that, for purposes of charging defendant under the habitual offender statute, defendant had only one prior felony conviction. Therefore, defendant could be charged only as a second-time habitual offender, and must be resentenced accordingly.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] "We therefore hold, consistent with the legislative purpose underlying the habitual offender statute, that multiple convictions arising out of a single incident may count as only a single prior conviction for purposes of the [habitual offender] statute." *Stoudemire, supra,* p 278.